## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| INGENIOSHARE, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:21-cv-00663 |
| EPIC GAMES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IngenioShare, LLC ("Plaintiff") states for its Complaint against Epic Games, Inc. as follows:

## INTRODUCTION

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2.     Plaintiff IngenioShare, LLC is a limited liability company organized and existing under laws of California.

3.     On information and belief, Defendant Epic Games, Inc. ("Defendant") is a corporation organized under the laws of Maryland, having a place of business

in Austin, Texas. Epic Games is registered to do business in Texas and can be served in Texas through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.     Defendant does business in Texas, directly or through intermediaries and offers products or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in this Judicial District.

## JURISDICTION

5.     This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, *et seq*.

6.     Defendant is subject to personal jurisdiction in the State of Texas and in this Judicial District.

7.     Venue for this suit is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b). Defendant is registered to do business in Texas and maintains an agent for service of process in Texas. On information and belief, Defendant maintains a place of business within the Western District of Texas, as evidenced by

2

its website advertising job positions in Austin, Texas. On information and belief, Defendant has also committed acts of infringement in this Judicial District.

8.      On information and belief, Defendant has sold and offered for sale accused products to residents of this Judicial District.

9.      Defendant also has authorized retailers that offer and sell accused products on its behalf in this Judicial District. These include, for example, Best Buy stores, including those located at, for example, 4627 S Jack Kultgen Expy, Waco, TX 76706; 3550 S General Bruce Dr., Temple, TX 76504; 3209 E. Central Texas Expy., Killeen, TX 76543; 125 NW Loop 410, San Antonio, TX 78216; 6001 NW Loop 410, San Antonio, TX 78238; 2003 N Loop 1604 E, San Antonio, TX 78232; 12909 Shops Pkwy, Bee Cave, TX 78738; and 9600 S Interstate 35, Austin, TX 78748.

10.     Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and this Judicial District.

11.     On information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and within this Judicial District.

3

12. This Court has personal jurisdiction over Defendant at least because it maintains an established place of business in this Judicial District. Defendant also has employees working in and from this Judicial District.

13. This Court also has personal jurisdiction over Defendant under the provisions of the Texas Long Arm Statute and consistent with Constitutional due process by virtue of the fact that, upon information and belief, Defendant has availed itself of the privilege of conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, as well as by others acting as Defendant's agents and/or representatives, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice.

14. On information and belief, Defendant has also established minimum contacts with this Judicial District and regularly transacts and does business within this Judicial District, including advertising, promoting and selling products over the Internet, through intermediaries, representatives and/or agents located within this Judicial District, that infringe Plaintiff's patents, which products are then sold and/or shipped directly to citizens residing within this State and in this Judicial District. Upon further information and belief, Defendant has purposefully directed

activities at citizens of this State, including those located within this Judicial District.

15.     On information and belief, Defendant has also purposefully and voluntarily placed its products into the stream of commerce with the expectation that they will be purchased and used by customers located in the State of Texas. On information and belief, Defendant's customers in the State of Texas, including those in this Judicial District, have purchased and used and continue to purchase and use Defendant's products.

16.     Furthermore, this Court has personal jurisdiction over Defendant under the Long Arm Statute of the State of Texas because: (i) Defendant has and continues to intentionally sell products and methods to customers in Texas; (ii) Defendant has and continues to intentionally instruct customers and potential customers in Texas with respect to how to use the products and methods that Defendant sells to customers in Texas; (iii) Defendant knows and has known its products and methods, including the infringing products and methods, have and continue to be sold and marketed in Texas through regular and established distribution channels; (iv) Defendant knows and has known its products and methods will enter and/or be distributed throughout the United States of America and the State of Texas; (v) Defendant has and continues to target customers and potential customers in Texas to

buy and/or use Defendant's products and methods, including the infringing products and methods; (vi) Defendant has and continues to provide advice to customers in Texas; (vii) it has been and continues to be foreseeable that Defendant's products and methods, including the infringing products and methods, would enter the State of Texas; (viii) Defendant has and continues to market to citizens of Texas through its website; (ix) Defendant has and continues to provide services to citizens of Texas through its website; (x) Defendant derives substantial revenue from Texas; (xi) Texas has and continues to be part of Defendant's established distribution channels; (xii) the assertion of personal jurisdiction over Defendant is reasonable and fair; and (xiii) the State of Texas has an interest in this matter due to the presence of Defendant within this State, as well as the presence of Defendant's infringing products in the State of Texas.

17.     This Court also has personal jurisdiction over Defendant because: (i) Defendant maintains regular and systematic business contacts with the State of Texas and within this Judicial District; (ii) Defendant purposely, regularly, and continuously conducts business in the State of Texas and within this Judicial District; (iii) Defendant purposefully directs its activities at residents of the State of Texas; (iv) the causes of action set forth herein arise out of or relate to Defendant's activities in the State of Texas; and (v) the exercise of jurisdiction over Defendant will not

offend the traditional notions of fair play and substantial justice.

## Factual Background

18.     Plaintiff has partnered with inventors and entrepreneurs to provide innovative market-driven ideas and user-friendly technologies. One set of its novel solutions relates to communication technologies, applicable to multiplayer video games.

19.     Plaintiff's predecessor-in-interest partnered with Kwok-wai Cheung, Ph.D. in developing this innovative technology. Dr. Cheung received his B.S. (Eng.) from the University of Hong Kong (1st Class Honor), followed by an M.S. from Yale University and a Ph.D. from the California Institute of Technology.

20.     Dr. Cheung was a member of the technical staff in the Applied Research Area of Bell Communications Research from 1987 until 1992.

21.     Since 1996, Dr. Cheung has been a professor in the Department of Information Engineering at the Chinese University of Hong Kong. He served as the Division Head of the Department of Information Engineering from Aug. 1, 2009 through July 31, 2012. He also served as the Director of the Centre for Innovation and Technologies, Faculty of Engineering, at the Chinese University of Hong Kong from May 1996 until September 2001.

22.     Dr. Cheung is a named inventor on more than 40 patents, including

more than 20 United States patents.

23.    Dr. Cheung has contributed to over 130 papers with over 800 Science Citation Index (SCI) citations.

24.    Dr. Cheung has been the principal investigator or co-principal investigator on research grants totaling more than $10,000,000 (U.S.).

25.    Dr. Cheung is the first-named inventor on the patents asserted in this case.

26.    Dr. Cheung, as well as the other named inventors, remain associated with Plaintiff.

27.    Defendant is a successful video game developer and publisher. In 2017, Defendant first released Fortnite, which is an online video game. Normally, Fortnite is played by multiple players concurrently. On information and belief, Fortnite has at least three distinct game mode versions that have the same general gameplay and game engine: Fortnite: Save the World, which is a cooperative hybrid-tower, defense-shooter-survival game in which four players fight off zombie-like creatures and defend objects with traps and fortifications they might build; Fortnite Battle Royale, a battle royale game in which up to 100 players fight to be the last person standing; and Fortnite Creative, in which players are given complete freedom to create worlds and battle arenas.

28.     Fortnite allows players to communicate with one another. Such communication features are crucial to Fortnite. As explained by Defendant's CEO Tim Sweeney, part of the appeal of Fortnite is that it is "as much a social hangout for a lot of folks as it is a game." https://www.wsj.com/articles/the-man-behind-fortnite-11560571201?mod=hp_lead_pos5.

29.     Plaintiff's innovations applicable to communication technologies concerning multiplayer video games were the result of research and development efforts by the inventors. The inventors recognized the need for easier, more protected and/or secured electronic communication using multiple modes. Plaintiff's innovations in this regard are well-suited to allow players of multiplayer video games to communicate with ease, privately and securely, and in real-time using multiple modes, while keeping their contact information private. Such innovations are protected by Plaintiff's patents. Plaintiff's patents were first filed in 2006 more than a decade before Defendant's Fortnite product was first released.

30.     Beginning in November 2018, Plaintiff's predecessor-in-interest approached Defendant in writing to discuss a business agreement regarding Plaintiff's patents applicable to Defendant's Fortnite product. Defendant did not respond.

31.     Subsequently in an October 2019 letter to Defendant, Plaintiff's

predecessor-in-interest again sought a business discussion concerning Plaintiff's patents explaining some of the benefits of the patented technologies in online communication. The letter included a press release, which expressly noted "*Fortnite* [has] implemented [Plaintiff's predecessor-in-interest's] patented technologies." (https://www.businesswire.com/news/home/20191003005319/en/) Defendant chose not to respond to the letter.

32.     Then, in January 2020, Plaintiff's predecessor-in-interest again contacted Defendant in writing requesting a dialog to discuss its intellectual property rights, even illustrating how one of Plaintiff's patents could be infringed. Defendant again did not respond. Despite these good-faith efforts to negotiate a business solution, Defendant failed to show any desire for a resolution and continues to use Plaintiff's intellectual property without authority. In June 2021, Plaintiff, by way of counsel, communicated in writing with Defendant alerting it of its infringement of Plaintiff's patents and offering to seek resolution.

### Plaintiff's U.S. Patent No. 10,708,727

33.     On July 7, 2020, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,708,727 ("the '727 patent"), entitled "Method and Apparatus to Manage Messaging Providing Different Communication Modes Using One Identifier and Not Requiring to Disclose

Contact Information." A true and correct copy of the '727 patent is attached hereto as Exhibit A.

34.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to the '727 patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

35.     The claims of the '727 patent are focused on advances over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. §101.

36.     The Patent Office determined all the claims of the '727 patent to be patent eligible, definite, novel and nonobvious.

37.     The inventions claimed in the '727 patent solve real-world, technological problems.

38.     The solutions disclosed and claimed in the '727 patent are utilized in computing apparatuses, including those detailed in the claim charts attached as Exhibit E.

39.     The claims of the '727 patent recite features that address the technical problems and challenges in the art, thereby providing specific technological solutions that improved the state of the art. Thus, the claims are not directed to an

11

abstract concept.

40.    The inventions claimed in the '727 patent were not well-understood, routine, or conventional as of the priority date of the '727 patent, but instead claim specific, novel, and nonobvious improvements to the prior art.

41.    The '727 patent is compliant with 35 U.S.C. § 101.

42.    The '727 patent is compliant with 35 U.S.C. § 102.

43.    The '727 patent is compliant with 35 U.S.C. § 103.

44.    The '727 patent is compliant with 35 U.S.C. § 112.

45.    The '727 patent is presumed valid and enforceable in accordance with 35 U.S.C. § 282.

46.    Plaintiff provided Defendant with notice of its infringement of the '727 patent prior to filing suit.

## **Plaintiff's U.S. Patent No. 10,492,038**

47.    On November 26, 2019, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,492,038 ("the '038 patent"), entitled "Method and Apparatus to Manage Messaging Providing Different Communication Modes Depending on One Identifier and Not Requiring to Disclose Contact Information." A true and correct copy of the '038 patent is attached hereto as Exhibit B.

12

48.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to the '038 patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

49.     The claims of the '038 patent are focused on an advance over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. §101.

50.     The Patent Office determined all the claims of the '038 patent to be patent eligible, definite, novel and nonobvious.

51.     The '038 patent solves real-world, technological problems.

52.     The solutions disclosed and claimed in the '038 patent are utilized in popular video games, including as detailed in the claim chart attached as Exhibit F.

53.     The claims of the '038 patent recite features that address the technical problems and challenges in the art, thereby providing specific technological solutions that improved the state of the art. Thus, the claims are not directed to an abstract concept.

54.     The inventions claimed in the '038 patent were not well-understood, routine, or conventional as of the priority date of the '038 patent, but instead claim specific, novel, and nonobvious improvements to the prior art.

55.     The '038 patent is compliant with 35 U.S.C. § 101.

56.     The '038 patent is compliant with 35 U.S.C. § 102.

57.     The '038 patent is compliant with 35 U.S.C. § 103.

58.     The '038 patent is compliant with 35 U.S.C. § 112.

59.     The '038 patent is presumed valid and enforceable in accordance with 35 U.S.C. § 282.

60.     Plaintiff's predecessor-in-interest provided notice to Defendant of the allowed application that matured into the '038 patent in a letter dated October 11, 2019 (along with related patents) and offered to reach a business agreement with Defendant regarding its intellectual property rights. Defendant did not respond. Plaintiff's predecessor-in-interest provided notice to Defendant of how the '038 patent could be infringed in a letter dated January 7, 2020, and again offered to reach a business resolution. Defendant again did not respond. Plaintiff also provided notice to Defendant regarding its infringement of the '038 patent prior to filing suit.

## Plaintiff's U.S. Patent No. 10,142,810

61.     On November 27, 2018, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,142,810 ("the '810 patent"), entitled "Method and Apparatus to Manage Different Options of

Communications Using One User Identifier Based on Internet Protocol." A true and correct copy of the '810 patent is attached hereto as Exhibit C.

62.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to the '810 patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

63.     The claims of the '810 patent are focused on advances over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. §101.

64.     The Patent Office determined all the claims of the '810 patent to be patent eligible, definite, novel and nonobvious.

65.     The '810 patent solves real-world, technological problems.

66.     The solutions disclosed and claimed in the '810 patent are utilized in computing apparatuses, including as detailed in the claim chart attached as Exhibit G.

67.     The claims of the '810 patent recite features that address the technical problems and challenges in the art, thereby providing specific technological solutions that improved the state of the art.

68.     The inventions claimed in the '810 patent were not well-understood,

routine, or conventional as of the priority date of the '810 patent, but instead claim specific, novel, and nonobvious improvements to the prior art.

69.    The '810 patent is compliant with 35 U.S.C. § 101.

70.    The '810 patent is compliant with 35 U.S.C. § 102.

71.    The '810 patent is compliant with 35 U.S.C. § 103.

72.    The '810 patent is compliant with 35 U.S.C. § 112.

73.    The '810 patent is presumed valid and enforceable in accordance with 35 U.S.C. § 282.

74.    Plaintiff's predecessor-in-interest provided notice to Defendant of the '810 patent in a letter dated November 29, 2018, and offered to reach a business agreement with Defendant. Plaintiff's predecessor-in-interest again provided Defendant with notice of the '810 patent by letter dated October 11, 2019 (along with related patents) and offered to reach a business agreement with Defendant regarding its intellectual property rights. Defendant did not respond to either letter. Plaintiff also provided Defendant with notice of its infringement of the '810 patent prior to filing suit.

**Plaintiff's U.S. Patent No. 8,744,407**

75.    On June 3, 2014, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,744,407 ("the '407 patent"), entitled

16

"Systems and Processes to Manage Multiple Modes of Communication." A true and correct copy of the '407 patent is attached hereto as Exhibit D.

76.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to the '407 patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

77.     The claims of the '407 patent are focused on advances over the prior art such that their character as a whole is not directed to excluded subject matter, such as an abstract idea, or any other subject matter excluded under 35 U.S.C. §101.

78.     In fact, the Patent Office determined all the claims of the '407 patent to be patent eligible, definite, novel and nonobvious.

79.     The '407 patent solves real-world, technological problems.

80.     The solutions disclosed and claimed in the '407 patent are utilized in computing apparatuses, including as detailed in the claim charts attached as Exhibit H.

81.     The claims of the '407 patent recite features that address the technical problems and challenges in the art, thereby providing specific technological solutions that improved the state of the art.

82.     The inventions claimed in the '407 patent were not well-understood,

routine, or conventional as of the priority date of the '407 patent, but instead claim specific, novel, and nonobvious improvements to the prior art.

83.    The '407 patent is compliant with 35 U.S.C. § 101.

84.    The '407 patent is compliant with 35 U.S.C. § 102.

85.    The '407 patent is compliant with 35 U.S.C. § 103.

86.    The '407 patent is compliant with 35 U.S.C. § 112.

87.    The '407 patent is presumed valid and enforceable in accordance with 35 U.S.C. § 282.

88.    Plaintiff's predecessor-in-interest provided notice to Defendant of the '407 patent in a letter dated October 11, 2019 (along with related patents) and offered to reach a business agreement with Defendant regarding its intellectual property rights. Defendant did not respond. Plaintiff also provided Defendant with notice of its infringement of the '407 patent prior to filing suit.

## COUNT ONE: DIRECT INFRINGEMENT OF THE '727 PATENT

89.    Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

90.    Defendant has in the past and continue to infringe one or more claims of the '727 patent, including at least claims 1, 2, 3, 6, 7, 8, 9, 15, 16, and 17, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the

patented invention within the United States or importing the patented invention into the United States.

91.     A representative example of Defendant's infringing apparatuses, methods, and systems includes (but is not limited to) Defendant's video games known as Fortnite. A representative claim chart demonstrating Defendant's infringement of the '727 patent, either literally or under the doctrine of equivalents, is attached as Exhibit E. Defendant's infringing products include, without limitation, other video games providing functionality such as that shown in the representative charts ("Accused Products").

92.     Plaintiff notified Defendant of its infringement of the '727 patent prior to filing suit.

93.     Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant's direct infringement of the '727 patent and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Plaintiff has no adequate remedy at law.

94.     Plaintiff is entitled to: (i) damages adequate to compensate it for Defendant's direct infringement of the '727 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an

injunction.

## COUNT TWO: DIRECT INFRINGEMENT OF THE '038 PATENT

95.    Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

96.    Defendant has in the past and continues to infringe one or more claims of the '038 patent, including at least claims 46, 58, 59, 60, 61, and 62, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States.

97.    A representative example of Defendant's infringing apparatuses, methods, and systems include (but are not limited to) Defendant's video games known as Fortnite. A representative claim chart demonstrating Defendant's infringement of the '038 patent, either literally or under the doctrine of equivalents, is attached as Exhibit F. Defendant's Accused Products include, without limitation, other video games providing functionality such as that shown in the representative charts.

98.    Plaintiff notified Defendant of its infringement of the '038 patent prior to filing suit.

99.    Plaintiff has and continues to suffer damages as a direct and

proximate result of Defendant's direct infringement of the '038 patent and will

suffer additional and irreparable damages unless Defendant is permanently

enjoined by this Court from continuing its infringement. Plaintiff has no adequate

remedy at law.

100.   Plaintiff is entitled to: (i) damages adequate to compensate it for

Defendant's direct infringement of the '038 patent, which amounts to, at a

minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; (iv) treble damages

due to willful infringement; and (v) an injunction.

## COUNT THREE: INDIRECT INFRINGEMENT OF THE '038 PATENT

101.   Plaintiff realleges and incorporates herein the preceding allegations of

this Complaint as if fully set forth herein.

102.   Defendant has in the past and continues to indirectly infringe at least

claims 46, 58, 59, 60, 61, and 62 in violation of 35 U.S.C. § 271(b) by actively,

knowingly, and intentionally inducing direct infringement by other persons,

including retailers, customers and/or end users, by distributing, offering for sale

and/or selling Defendant's Accused Products in the United States and instructing

on their infringing use without authority or license from Plaintiff and in a manner

understood and intended to infringe the '038 patent.

103.   Plaintiff notified Defendant of its infringement of the '038 patent prior

to filing suit.

104.   Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant inducing infringement of the '038 patent and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Plaintiff has no adequate remedy at law.

105.   Plaintiff is entitled to: (i) damages adequate to compensate it for Defendant inducing infringement of the '038 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; (iv) treble damages due to willful infringement; and (v) an injunction.

## COUNT FOUR: DIRECT INFRINGEMENT OF THE '810 PATENT

106.   Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

107.   Defendant has in the past and continue to infringe one or more claims of the '810 patent, including at least claims 1 and 11, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States.

108.   A representative example of Defendant's infringing apparatuses, methods, and systems include (but are not limited to) Defendant's video games

known as Fortnite. A representative claim chart demonstrating Defendant's

infringement of the '810 patent, either literally or under the doctrine of equivalents,

is attached as Exhibit G. Defendant's Accused Products include, without

limitation, other video games providing functionality such as that shown in the

representative charts.

109.   Plaintiff notified Defendant of its infringement of the '810 patent prior

to filing suit.

110.   Plaintiff has and continues to suffer damages as a direct and

proximate result of Defendant's direct infringement of the '810 patent and will

suffer additional and irreparable damages unless Defendant is permanently

enjoined by this Court from continuing its infringement. Plaintiff has no adequate

remedy at law.

111.   Plaintiff is entitled to: (i) damages adequate to compensate it for

Defendant's direct infringement of the '810 patent, which amounts to, at a

minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an

injunction.

## COUNT FIVE: INDIRECT INFRINGEMENT OF THE '810 PATENT

112.   Plaintiff realleges and incorporates herein the preceding allegations of

this Complaint as if fully set forth herein.

113.   Defendant has in the past and continues to indirectly infringe at least claim 11 in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including retailers, customers and/or end users, by distributing, offering for sale and/or selling Defendant's Accused Products in the United States and instructing on their infringing use without authority or license from Plaintiff and in a manner understood and intended to infringe the '810 patent.

114.   Plaintiff notified Defendant of its infringement of the '810 patent prior to filing suit.

115.   Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant inducing infringement of the '810 patent and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Plaintiff has no adequate remedy at law.

116.   Plaintiff is entitled to: (i) damages adequate to compensate it for Defendant inducing infringement of the '810 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an injunction.

## COUNT SIX: DIRECT INFRINGEMENT OF THE '407 PATENT

117.   Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

118.   Defendant has in the past and continue to infringe one or more claims of the '407 patent, including at least claim 53, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States.

119.   A representative example of Defendant's infringing apparatuses, methods, and systems include (but are not limited to) Defendant's video games known as Fortnite. A representative claim chart demonstrating Defendant's infringement of the '407 patent, either literally or under the doctrine of equivalents, is attached as Exhibit H. Defendant's Accused Products include, without limitation, other video games providing functionality such as that shown in the representative charts.

120.   Plaintiff notified Defendant of its infringement of the '407 patent prior to filing suit.

121.   Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant's direct infringement of the '407 patent and will suffer additional and irreparable damages unless Defendant is permanently

25

enjoined by this Court from continuing its infringement. Plaintiff has no adequate remedy at law.

122.   Plaintiff is entitled to: (i) damages adequate to compensate it for Defendant's direct infringement of the '407 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an injunction.

## COUNT SEVEN: INDIRECT INFRINGEMENT OF THE '407 PATENT

123.   Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

124.   Defendant has in the past and continues to indirectly infringe at least claim 53 in violation of 35 U.S.C. § 271(b) by actively, knowingly, and intentionally inducing direct infringement by other persons, including retailers, customers and/or end users, by distributing, offering for sale and/or selling Defendant's Accused Products in the United States and instructing on their infringing use without authority or license from Plaintiff and in a manner understood and intended to infringe the '407 patent.

125.   Plaintiff notified Defendant of its infringement of the '407 patent prior to filing suit.

126.   Plaintiff has and continues to suffer damages as a direct and

proximate result of Defendant inducing infringement of the '407 patent and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Plaintiff has no adequate remedy at law.

127.   Plaintiff is entitled to: (i) damages adequate to compensate it for Defendant inducing infringement of the '407 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; (iii) costs; and (iv) an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

a.   Declaring that Defendant has infringed the '727 patent, the '038 patent, the '810 patent, and the '407 patent;

b.   That Defendant be enjoined from further infringement of the '727 patent, the '038 patent, the '810 patent, and the '407 patent pursuant to 35 U.S.C. § 283;

c.   That Defendant be ordered to pay damages adequate to compensate Plaintiff for its infringement of the '727 patent, the '038 patent, the '810 patent, and the '407 patent pursuant to 35 U.S.C. § 284;

d.   That Defendant be ordered to pay prejudgment interest pursuant to 35

U.S.C. § 284;

 e. That Defendant be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

 f. That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285; and

 g. That Plaintiff be granted such other and additional relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

 Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

 This 25th day of June, 2021.

Respectfully submitted,

*/s/ Cortney S. Alexander*
Stephen R. Risley (pro hac vice to be submitted)
Telephone: 404-855-2101
Email: steverisley@kentrisley.com
Cortney S. Alexander
Telephone: 404-855-3867
Email:
cortneyalexander@kentrisley.com
KENT & RISLEY LLC
5755 North Point Parkway, Ste 57
Alpharetta, Georgia 30022

Attorneys for Plaintiff